1  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
2  JONES DAY
   717 Texas Avenue, Suite 3300
3  Houston, TX 77002
   Telephone:   (832) 239-3786
4  Facsimile:   (832) 239-3600

5  Sarah A. Bennington (State Bar No. 285140)
   sbennington@jonesday.com
6  JONES DAY
   12265 El Camino Real, Suite 200
7  San Diego, CA 92130
   Telephone:   (858) 314-1200
8  Facsimile:   (858) 314-1150

9  OF COUNSEL
   Timothy P. Fraelich (Ohio SBN 0062468)
10 tfraelich@jonesday.com
   JONES DAY
11 North Point
   901 Lakeside Avenue
12 Cleveland, Ohio  44114
   Telephone: 1.216.586.3939
13 Facsimile: 1.216.579.0212
   *Pro Hac Vice* Application to Follow

14 Attorneys for Plaintiff
15 MYRON L COMPANY

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON L COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KILBY DOSS INC. d/b/a MYRONLMETERS.COM, and JOHN KILBY, an individual,<br><br>Defendants. | Case No. **'15CV2586 JAH NLS**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Myron L Company ("Myron L"), for its claims against Defendants Kilby Doss Inc. d/b/a MyronLMeters.com ("KDI") and John Kilby ("Kilby") (collectively, "Defendants"), files this Complaint and, demanding a trial by jury, hereby states and alleges the following:

## NATURE OF THE ACTION

1. Myron L is a developer and manufacturer of water quality instrumentation products. Myron L owns federal and common law trademark rights in its MYRON L® mark for these products (the "MYRON L Mark"). By this action, Myron L seeks resolution of its disputes with KDI and Kilby arising out of the unlawful use of the MYRON L Mark, the bad faith registration and use of the domain name <*www.myronlmeters.com*> (the "Infringing Domain"), and the infringing content found on the related website (the "Infringing Website").

2. Plaintiff asserts various claims arising under the Lanham Act, including claims for trademark infringement under 15 U.S.C. §1114; false advertising under 15 U.S.C § 1125(a); cyberpiracy under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §§ 1125(d), *et seq.;* unfair competition under California statutory law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; common law trademark infringement; and common law unfair competition.

3. Despite numerous warnings in writing that the Infringing Domain, the Infringing Website, and Defendants' use of the MYRON L Mark infringe Plaintiff's federal and common law rights in and to that trademark, Defendants' use of the MYRON L Mark has continued unabated. Defendants' use of the MyronLMeters.com trade name, operation of the Infringing Website at the Infringing Domain, and prominent and willful use of the MYRON L Mark without permission, falsely suggests an affiliation and/or association with Myron L. This action is brought to transfer registration and ownership of the Infringing Domain to Myron L; for a permanent injunction requiring Defendants to cease their infringing activities; and to recover compensatory and punitive damages for Defendants'

wrongdoing, as well as the attorneys' fees expended by Plaintiff in bringing this action.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction over the claims asserted in this Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 2201 because it arises, in part, pursuant to 15 U.S.C. §§ 1114, 1116-1118 and 1125. This Court also has jurisdiction over Plaintiff's common law and state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over each of the Defendants and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because each of the Defendants is a resident of this judicial district and Defendants conduct business in this District and elsewhere in the state of California. The Defendants regularly and deliberately engage in activities that occur in and/or result in the sale of goods and/or services in the State of California and in this District. On information and belief, each Defendant has transacted business in this District, and/or has committed the unlawful acts complained of herein in this District. The Defendants have established minimum contacts with this forum and the exercise of jurisdiction over the Defendants would not offend the traditional notions of fair play and substantial justice.

## THE PARTIES

6. Plaintiff Myron L is a corporation organized and existing under the laws of the State of California that maintains its principal place of business in San Diego County at 2460 Impala Drive, Carlsbad, California 92101.

7. On information and belief, Defendant KDI d/b/a MyronLMeters.com is a corporation organized and existing under the laws of the State of Delaware that

purports to do business in San Diego County at 3460 Marron Road, Suite 103-341, Oceanside, CA 92056.

8. On information and belief, Defendant Kilby is an individual residing at 312 Ocean View Drive, Vista, CA 92084.

## FACTUAL BACKGROUND

### *The Myron L Name and Mark*

9. Founded in 1957, Myron L is a leading manufacturer of commercial and industrial water quality control, chemical concentration testing, and process control instrumentation. These instruments are sold worldwide via Myron L's global distribution network, and their uses include water treatment, agriculture, aquiculture, electronics manufacturing, and environmental studies. Myron L is recognized globally as one of the most experienced and reliable manufacturers of water quality instrumentation products.

10. Since its founding, Myron L has continuously used the MYRON L Mark to identify the source of its products and services. Myron L has prominently displayed the MYRON L Mark on all of its products sold and distributed in commerce. Additionally, Myron L has prominently displayed the MYRON L Mark on its letterhead, promotional literature, and media advertising worldwide.

11. The rights of Myron L in the MYRON L Mark are embodied, in part, in United States Trademark Registration Number 4,435,529. A true and correct copy of this Registration is attached hereto as Exhibit A and is incorporated by reference herein.

12. Myron L also owns and operates a website, <www.myronl.com> (the "Myron L Website"). The Myron L Website was registered to Myron L in June 1999. Through the Myron L Website, Myron L disseminates information on its products and services, and provides operation manuals, pricing information, contact information, and global distributor information.

13. Myron L has continuously and extensively used, advertised, marketed, and promoted the MYRON L Mark in connection with its products and services in both the United States and in many foreign countries for nearly 60 years. During this time, the MYRON L Mark has gained wide recognition in both the commercial and industrial sectors.

14. Myron L has additionally spent substantial money and expended significant effort in promoting its products and services under its recognized MYRON L Mark. These efforts include the dissemination of literature, advertising, and the Myron L Website.

15. As a result of these sales and promotional efforts, the MYRON L Mark has come to distinguish Myron L's products and services in the marketplace, and represents enormous goodwill of great value belonging exclusively to Myron L.

### *Defendants' Infringing Website*

16. On or about February 10, 2010, Defendants registered the Infringing Domain.

17. The original Infringing Website included many of the new designs, features, and functions of the Myron L Website.

18. Defendants are not, nor have they ever been, authorized by Myron L to use the MYRON L Mark or to act as a distributor for Myron L products.

19. On or about February 23, 2011, Myron L management learned of the Infringing Website from one of its customers, who indicated that the Infringing Website was confusingly similar to the Myron L Website.

20. At the time of discovery, the Infringing Website linked directly to the Myron L Website. Due to the similarity in design and function, there was no indication that the user was leaving the Infringing Website and entering the legitimate, authorized Myron L Website. However, all purchases and profits were captured by Defendants.

21.     The original Infringing Website not only included all of the current products and materials offered on the Myron L Website, but also included proprietary, unpublished material that had yet to be released by Myron L.  This proprietary and confidential information not yet released by Myron L included information on its latest technological developments and forthcoming products.

22.     At the time, Defendants offered Myron L proprietary, unpublished products for sale under the MYRON L Mark even though Myron L had yet to advertise or offer them to authorized distributors or consumers.  Thus Defendants, via the Infringing Website, unlawfully used the MYRON L Mark to secure customer orders before the products were released to Myron L's authorized distributors.

23.     Defendants also offered Myron L products and services at a price that was antithetical to Myron L's agreement with its authorized distributors, thereby harming the relationship Myron L had built and earned with its distributors.

*Defendants' Ongoing Infringement*

24.     On several occasions over the last four (4) years, counsel for Myron L has sent Defendants letters demanding that they cease and desist from any and all use of the MYRON L Mark or any mark confusingly similar thereto, including in Defendants' trade name, in the Infringing Domain, and on the Infringing Website.

25.     In responding to these various letters, Defendant Kilby has steadfastly refused to cease use of the MYRON L Mark, the Infringing Domain, and the Infringing Website.

26.     As of the date of filing this Complaint, the Infringing Website remains active and, per the WHOIS database, Defendant Kilby is listed as the registrant of, and administrative contact for, the Infringing Website.

27.     As shown from a screen shot of the Infringing Website attached hereto as Exhibit B, the uses of the MYRON L Mark on the Infringing Website create a

likelihood of confusion as to the source of the goods and services provided on the Infringing Website and Defendants' affiliation with or authorization by Myron L.

28. Additionally, the use of the MYRON L Mark as part of Defendants' trade name—which is alternately shown on the Infringing Website as Myron L Meters.com, MyronLMeters.com, and Myron L Meters—is likely to cause confusion or mistake as to the affiliation, connection, or association of Defendants with Myron L.

29. In fact, Myron L is aware of instances of actual confusion on the part of Myron L customers and Myron L authorized dealers. Over the course of the Infringing Website's existence, Myron L has received numerous customer complaints related to transactions resulting from their interactions with the Infringing Website.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. §§ 1114

30. Myron L incorporates each and every allegation of Paragraphs 1-29 of this Complaint as though fully set forth herein.

31. Myron L's use of the MYRON L Mark predates any alleged use by Defendants in the United States.

32. Defendants' use of the MYRON L Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services is likely to cause confusion, or to cause mistake, or to deceive.

33. Myron L has never authorized, licensed or otherwise condoned or consented to Defendants' use of the MYRON L Mark.

34. Defendants have misappropriated and continue to misappropriate Myron L's substantial property rights in the MYRON L Mark, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such

1 conduct will continue and will permit Defendants to improperly interfere with
2 Myron L's use, promotion and expansion of the MYRON L Mark.

35. As a result of Defendants' ongoing willful and unlawful activities, Myron L is suffering irreparable harm.

36. The acts of Defendants alleged above were committed willfully, with full knowledge of Myron L's superior rights and with the intention to deceive and mislead the public.

37. As a direct and proximate result of Defendants' ongoing unlawful activities, Myron L has suffered and continues to suffer damages in an amount that is not presently ascertainable and will be proved at trial.

## COUNT II

### FALSE ADVERTISING
### 15 U.S.C. §1125(a)

38. Myron L incorporates each and every allegation of Paragraphs 1-37 of this Complaint as though fully set forth herein.

39. Defendants have falsely advertised their products and services by virtue of their use of the Infringing Domain and the Infringing Website and caused consumers and others in the marketplace to believe that an association, connection and affiliation between Myron L and Defendants exist, where they do not exist.

40. The acts of Defendants alleged above were committed willfully, with full knowledge of Myron L's superior rights and with the intention to deceive and mislead the public.

41. As a result of Defendants' acts of false and deceptive advertising, Myron L is suffering irreparable harm.

42. Defendants will continue their ongoing acts of false and deceptive advertising, causing irreparable injury to Myron L, unless such activities are enjoined by this Court.

43. As a direct and proximate result of Defendants' ongoing unlawful activities, Myron L has suffered and continues to suffer damages in an amount that is not presently ascertainable and will be proved at trial.

## COUNT III

## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. §1125(a)

44. Myron L incorporates each and every allegation of Paragraphs 1-43 of this Complaint as though fully set forth herein.

45. Defendants' use of the MYRON L Mark has caused and is likely to continue to cause confusion and mistake among customers as to the affiliation, connection, or association of Defendants with Myron L, or as to the sponsorship or approval of Defendants' activities by Myron L.

46. Myron L has never authorized, licensed or otherwise condoned or consented to Defendants' use of the MYRON L Mark.

47. Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Myron L and allow Defendants to improperly interfere with Myron L's continued promotion and expansion of its business.

48. The acts of Defendants alleged above were committed willfully, with full knowledge of Myron L's superior rights and with the intention of causing harm to Myron L and wrongfully trading upon the valuable goodwill and reputation of Myron L and its MYRON L Mark.

49. Defendants will continue their ongoing acts of unfair competition, causing irreparable injury to Myron L, unless such activities are enjoined by this Court.

50. As a direct and proximate result of Defendants' ongoing unlawful activities, Myron L has suffered and continues to suffer damages in an amount that is not presently ascertainable and will be proved at trial.

## COUNT IV

## VIOLATION OF THE ANTI CYBERSQUATTING PROTECTION ACT
## 15 U.S.C. § 1125(d)

51. Myron L incorporates paragraphs 1-50 as though fully set forth herein.

52. Myron L owns exclusive rights to the MYRON L Mark.

53. Defendants reserved, registered, and are using the Infringing Domain knowingly, willfully, and in complete disregard of Myron L's exclusive rights to use the MYRON L Mark.

54. Defendants reserved, registered, and are using the Infringing Domain with the intent to create a likelihood of confusion as to the source, affiliation, or endorsement of the services offered on the Infringing Website.

55. Defendants reserved, registered, and are using the Infringing Domain with the intent to divert consumers from the Myron L Website, with the intent to profit from such consumer confusion to the detriment of the goodwill and reputation represented by the MYRON L Mark.

56. Unless these cyberpiracy activities are enjoined by this Court, Defendants will continue these acts of cyberpiracy, causing irreparable injury to Myron L.

57. As a direct and proximate result of Defendants' unlawful activities, Myron L has and continues to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

## COUNT V

## CALIFORNIA STATUTORY UNFAIR COMPETITION
## Cal. Bus. & Prof. Code, § 17200, *et seq*.

58. Myron L incorporates paragraphs 1-57 as though fully set forth herein.

59. Defendants' activities constitute unlawful, unfair, and fraudulent practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200, *et seq*.

60. Myron L has suffered injury in fact and has lost money, property, and goodwill as a result of the unfair competition, while the Defendants have and continue to profit from their unfair, unlawful, and fraudulent business practices.

61. Defendants' unfair, unlawful, and fraudulent business practices involve multiple transactions, and continue to be an on-going threat to Myron L and consumers.

62. Myron L is entitled to injunctive relief prohibiting Defendants from continuing these practices. Without injunctive relief, Defendants will continue to unfairly derive income and opportunities as a result of their activities and at the expense of Myron L's sales and goodwill.

63. Myron L is entitled to damages from Defendants' unfair competition in an amount to be proven at trial.

## COUNT VI

## COMMON LAW TRADEMARK INFRINGEMENT

64. Myron L incorporates paragraphs 1-63 as though fully set forth herein.

65. By reason of Myron L's continuous use and promotion of the MYRON L Mark, as well as the inherent distinctiveness of the mark, consumers associate and recognize the MYRON L Mark as representing a single, even if anonymous, source or sponsor of goods, and therefore, the MYRON L Mark is a protectable trademark at common law.

66. Myron L's common law trademark rights in the MYRON L Mark are superior to any rights that Defendants may claim in and to this trademark.

67. Defendants' uses of the MYRON L Mark in connection with the advertising, marketing, promotion, offer for sale, sale, and distribution of goods and services is likely to cause confusion in that recipients thereof and others who see the Defendants' uses of the MYRON L Mark will be likely to mistakenly believe such goods and services are distributed with the authorization of Myron L, or that Defendants and Myron L are affiliated, all to the detriment of Myron L.

1    68.  On information and belief, by reason of Defendants' actions alleged herein, Myron L has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill in the value of its MYRON L Mark unless and until Defendants are enjoined from continuing their wrongful acts.

69.  On information and belief, by reason of Defendants' actions alleged herein, Myron L has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing their wrongful acts.

70.  Upon information and belief, Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Myron L's rights in its MYRON L Mark, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

71.  Myron L incorporates paragraphs 1-70 as though fully set forth herein.

72.  Defendants' actions in connection with the use of the MYRON L Mark are likely to cause confusion, to cause misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendants and Myron L, and such actions thereby constitute unfair competition at common law.

73.  On information and belief, as a result of Defendants' acts of unfair competition, Myron L has suffered and will continue to suffer damages, and Defendants have been unjustly enriched.

74.  On information and belief, by reason of Defendants' actions, Myron L has suffered, and will continue to suffer, irreparable harm for which Myron L has no adequate remedy at law unless and until Defendants are enjoined from continuing their wrongful acts.

75. Upon information and belief, Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Myron L's rights, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, Myron L prays that the Court:

A. Order Defendants to transfer registration and ownership of the domain <*myronlmeters. com*> to Myron L.

B. Issue an injunction requiring Defendants, their officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them:

    1. to cease all use of the MYRON L Mark, and/or any other designations that are colorable imitations of and/or are confusingly similar to the MYRON L Mark in connection with the unauthorized advertising, distribution, marketing, promotion, offering for sale, and/or sale of products or services;

    2. representing in any manner, or by any method whatsoever, that Defendants are sponsored, approved, or authorized by Myron L; and

    3. unfairly competing with Myron L in any manner.

C. Award Myron L money damages in an amount sufficient to compensate for all of Defendants' profits and damages sustained by Myron L in connection with any and all commercial activity relating to or generated by Defendants' use of the MYRON L Mark, and that the amount of recovery be increased as provided by law, up to three times.

D. Award Myron L restitution of all money, profits, or compensation Defendants have acquired or will acquire by any unfair, unlawful, or fraudulent means as described herein pursuant to Cal. Bus. & Prof. Code § 17200.

E. Award Myron L punitive and exemplary damages.

F. Award prejudgment and post-judgment interest at the maximum legal rate, as provided by the laws of California and the United States, as applicable.

G. Award Myron L its reasonable costs and attorneys' fees.

H. Award Myron L any and all other relief that the Court finds to be just and proper.

Dated: November 18, 2015　　　　　　　　JONES DAY

By: */s/ Sarah A. Bennington*
　　　Sarah A. Bennington

Attorneys for Plaintiff
MYRON L COMPANY

# JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Southern District of California Local Rule 38.1, Myron L Company demands a trial by jury of all issues triable of right by jury.

Dated: November 18, 2015

JONES DAY

By: */s/ Sarah A. Bennington*
Sarah A. Bennington

Attorneys for Plaintiff
MYRON L COMPANY